**Max WEISS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 70 Civ. 1037.**

United States District Court,
S. D. New York.

June 5, 1974.

Max Weiss, pro se.

Paul J. Curran, U. S. Atty., New York City, by T. Gorman Reilly, Asst. U. S. Atty., New York City, for defendant.

OPINION

WHITMAN KNAPP, District Judge.

 Plaintiff taxpayer faces the heavy burden of establishing that the Commissioner's factual finding was without rational basis. Commissioner of Internal Revenue v. Hansen (1959) 360 U.S. 446, 468, 79 S.Ct. 1270, 3 L.Ed.2d 1360; Turner Construction Company v. United States (2d Cir. 1966) 364 F.2d 525, 527–528; Oliver v. Commissioner of Internal Revenue (8th Cir. 1966) 364 F.2d 575, 577; Vulcan Materials Company v. United States (5th Cir. 1971) 446 F.2d 690, 699. The Commissioner disallowed certain of the taxpayer's traveling expenses for the tax year 1963 on the ground that the taxpayer did not have a "home" from which he could be absent and was therefore not entitled to deductions under § 162 of the Internal Revenue Service Code.[1] Finding that the taxpayer has not borne the burden of establishing that he had such a "home", we cannot disturb the Commissioner's finding and must dismiss the complaint.

Although the taxpayer was unrepresented by counsel and has no legal training, he presented his case with skill and, ingenuity, and had it not been for the Second Circuit's decision in Rosenspan v. United States (1971) 438 F.2d 905, he might well have prevailed. However, that decision placed an insuperable obstacle in taxpayer's path. Prior to the *Rosenspan* decision it was certainly arguable—as the taxpayer eloquently argued before me—that traveling expenses should be allowed whenever a taxpayer is away from his "tax home", i. e. the principal place of his employer's business and the place from which he, the taxpayer, files his returns (see 438 F.2d at 907). Indeed, as Judge Friendly's opinion points out, several justices of the Supreme Court had written opinions

---

1. The Commissioner based his disallowance on the further ground that the taxpayer had failed to document his expenditures. How-

ever, in view of the disposition of the case that ground need not be considered.

seeming to support the taxpayer's said position. However, the Court of Appeals rejected it and the Supreme Court denied certiorari. Under the *Rosenspan* doctrine, a taxpayer, in order to claim deductions under § 162, must establish that he actually maintained a "home" in the sense that he maintained an actual establishment the expenses of which he paid while he incurred other expenses away from that "home". The taxpayer in this case maintained no such establishment. The only "home" (other than the aforementioned "tax home" which was in New York) to which the taxpayer could point was his brother's residence in Florida. However, his testimony made it quite clear that he was only a visitor in that residence and that he contributed nothing to its maintenance. Indeed, so hospitable was his brother that the taxpayer was not even allowed to make a contribution toward household marketing while he was actually visiting his brother.[2]

As a layman, the taxpayer is understandably affronted by the government's position that he had no "home" to be away from in view of the government's express concession in its letter dated February 29, 1968 that a certain settlement entered into with the taxpayer was based on a finding that he was "away from home". However, as a matter of law such a statement made in the course of settling—or trying to settle—a claim can be given no legal effect in this litigation.[3]

For the foregoing reasons, the complaint must be, and it is, dismissed.

The application for an adjournment, which was first advanced in the form of a telegram dated May 17, 1974 and has since been followed up by oral communications to Chambers, is denied.

So Ordered.

---

2. The taxpayer reciprocated his brother's thoughtfulness by maintaining a telephone answering service at a local hotel while visiting his brother in Miami.

3. For reasons that the government did not explain, it did not press its position that the mentioned settlement was itself a bar to this litigation.